

U.S. Department of Justice

*United States Attorney*
*District of New Jersey*

---

970 Broad Street, Suite 700  (973) 645-2700
Newark, NJ 07102

September 14, 2022

William A. Proetta, Esq.
Proetta, Oliver & Fay
180 Kings Highway
Middletown, NJ 07748

          Re: <u>Plea Agreement with Antwain Freeman</u>

Dear Counsel:       23-CR_99 (CCC)

      This letter sets forth the plea agreement between your client, Antwain Freeman ("Freeman"), and the United States Attorney for the District of New Jersey ("this Office"). The government's offer to enter into this plea agreement will expire on **October 5, 2022** if it is not accepted in writing by that date.

<u>Charge</u>

      Conditioned on the understandings specified below, this Office will accept a guilty plea from Freeman to a one-count Information that charges Freeman with misprision of a felony, in violation of Title 18, United States Code, Section 4. If Freeman enters a guilty plea and is sentenced on this charge, and otherwise fully complies with all of the terms of this agreement, this Office will not initiate any further criminal charges against Freeman in connection with the operation of an unlicensed money transmitting business or laundering proceeds of a specified unlawful activity from in or around December 2019 through in or around August 2021.

      However, in the event that a guilty plea in this matter is not entered for any reason or the judgment of conviction entered as a result of this guilty plea does not remain in full force and effect, Freeman agrees that any dismissed charges and any other charges that are not time-barred by the applicable statute of limitations on the date this agreement is signed by Freeman may be commenced against him, notwithstanding the expiration of the limitations period after Freeman signs the agreement.

Sentencing

      The violation of 18 U.S.C. § 4 to which Freeman agrees to plead guilty carries a statutory maximum prison sentence of 3 years, and a statutory maximum fine equal to the greatest of: (1) $250,000, or (2) twice the gross profits or other proceeds to Freeman. Fines imposed by the sentencing judge may be subject to the payment of interest.

      The sentence to be imposed upon Freeman is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. §§ 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. The United States Sentencing Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what guideline range may be found by the sentencing judge, or as to what sentence Freeman ultimately will receive.

      Further, in addition to imposing any other penalty on Freeman, the sentencing judge: (1) will order Freeman to pay an assessment of $100 pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing; (2) may order Freeman to pay restitution pursuant to 18 U.S.C. § 3663 et seq.; and (3) pursuant to 18 U.S.C. § 3583, may require Freeman to serve a term of supervised release of not more than one year, which will begin at the expiration of any term of imprisonment imposed. Should Freeman be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, Freeman may be sentenced to not more than one year of imprisonment in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

Rights of This Office Regarding Sentencing

      Except as otherwise provided in this agreement, this Office reserves its right to take any position with respect to the appropriate sentence to be imposed on Freeman by the sentencing judge, to correct any misstatements relating to the sentencing proceedings, and to provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. In addition, this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of Freeman's activities and relevant conduct with respect to this case.

Stipulations

This Office and Freeman agree to stipulate at sentencing to the statements set forth in the attached Schedule A, which hereby is made a part of this plea agreement. This agreement to stipulate, however, cannot and does not bind the sentencing judge, who may make independent factual findings and may reject any or all of the stipulations entered into by the parties. To the extent that the parties do not stipulate to a particular fact or legal conclusion, each reserves the right to argue the existence of and the effect of any such fact or conclusion upon the sentence. Moreover, this agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it determines to be credible and to be materially in conflict with any stipulation in the attached Schedule A, this Office shall not be bound by any such stipulation. A determination that any stipulation is not binding shall not release either this Office or Freeman from any other portion of this agreement, including any other stipulation. If the sentencing court rejects a stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court was within its discretion and authority to do so. These stipulations do not restrict this Office's right to respond to questions from the Court and to correct misinformation that has been provided to the Court.

Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A, this Office and Freeman waive certain rights to file an appeal, collateral attack, writ, or motion after sentencing, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255.

Forfeiture

Freeman further agrees to forfeit any interest he had or may have in the $1,199,530 seized from Freeman on or about August 17, 2021 in North Bergen, New Jersey, which Freeman admits has the requisite nexus to the unlicensed money remitting offense charged in the Information and therefore is forfeitable to the United States of America pursuant to 18 U.S.C. § 982 (the "Specific Property").

Defendant further consents to the administrative and/or civil judicial forfeiture of the Specific Property pursuant to 18 U.S.C. § 981(a)(1)(A). Defendant agrees that he will not file a claim or a petition for remission or

mitigation in any forfeiture proceeding involving the Specific Property and will not cause or assist anyone else in doing so. To the extent Defendant has filed a claim or petition in any administrative or civil judicial forfeiture proceeding involving the Specific Property, such claims or petitions are hereby deemed withdrawn. Defendant further agrees to take all necessary steps to pass clear title to the Specific Property to the United States, including, but not limited to, the surrender of such property to the United States Marshals Service and the execution of all necessary documentation.

Freeman further waives the requirements of Rules 32.2 and 43(a) of the Federal Rules of Criminal Procedure regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, the defendant consents to the entry of judgment of forfeiture that will be final as to the defendant prior to sentencing. The defendant understands that criminal forfeiture pursuant to 18 U.S.C. § 982 is part of the sentence that may be imposed in this case and waives any failure by the court to advise him of this pursuant to Rule 11(b)(1)(J) of the Federal Rules of Criminal Procedure at the guilty plea proceeding. It is further understood that any forfeiture of the defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon him in addition to forfeiture. The defendant hereby waives any and all claims that this forfeiture constitutes an excessive fine and agrees that this forfeiture does not violate the Eighth Amendment.

<u>Immigration Consequences</u>

Freeman understands that, if he is not a citizen of the United States, his guilty plea to the charged offense will likely result in his being subject to immigration proceedings and removed from the United States by making him deportable, excludable, or inadmissible, or ending his naturalization. Freeman understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. Freeman wants and agrees to plead guilty to the charged offense regardless of any immigration consequences of this plea, even if this plea will cause his removal from the United States. Freeman understands that he is bound by his guilty plea regardless of any immigration consequences of the plea. Accordingly, Freeman waives any and all challenges to his guilty plea and to his sentence based on any immigration consequences, and agrees not to seek to withdraw his guilty plea, or to file a direct appeal or any kind of collateral attack challenging his guilty plea, conviction, or sentence, based on any immigration consequences of his guilty plea.

Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. However, this Office will bring this agreement to the attention of other prosecuting offices, if requested to do so.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against Freeman. This agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service and Immigration and Customs Enforcement) or any third party from initiating or prosecuting any civil or administrative proceeding against Freeman.

No provision of this agreement shall preclude Freeman from pursuing in an appropriate forum, when permitted by law, an appeal, collateral attack, writ, or motion claiming that Freeman received constitutionally ineffective assistance of counsel.

No Other Promises

This agreement constitutes the plea agreement between Freeman and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

PHILIP R. SELLINGER
United States Attorney

*Vinay S. Limbachia*
By: VINAY S. LIMBACHIA
Assistant U.S. Attorney

APPROVED:

_____
JAMEL SEMPER
Deputy Chief, Criminal Division

I have received this letter from my attorney, William A. Proetta, Esq. I have read it. My attorney and I have discussed it and all of its provisions, including those addressing the charge, sentencing, stipulations, waiver, forfeiture, restitution, and immigration consequences. I understand this letter fully. I hereby accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

_____  Date: **10/21/22**
Antwain Freeman

I have discussed with my client this plea agreement and all of its provisions, including those addressing the charge, sentencing, stipulations, waiver, forfeiture, restitution, and immigration consequences. My client understands this plea agreement fully and wants to plead guilty pursuant to it.

_____  Date: 10/21/22
William A. Proetta, Esq.
Counsel to Defendant

<u>Plea Agreement with Antwain Freeman</u>
<u>Schedule A</u>

1. This Office and Antwain Freeman ("Freeman") recognize that the United States Sentencing Guidelines are not binding upon the Court. This Office and Freeman nevertheless agree to the stipulations set forth herein, and agree that the Court should sentence Freeman within the Guidelines range that results from the total Guidelines offense level set forth below. This Office and Freeman further agree that neither party will argue for the imposition of a sentence outside the Guidelines range that results from the agreed total Guidelines offense level.

2. The version of the United States Sentencing Guidelines effective November 1, 2021 applies in this case. The applicable guideline is U.S.S.G. § 2X4.1. This guideline refers to the offense level for the "underlying offense," which in this case is U.S.S.G. § 2S1.3.

### Underlying Offense Calculation

3. The applicable guideline is U.S.S.G. § 2S1.3(a)(2), which carries a Base Offense Level of 6 plus the number of offense levels from the table in U.S.S.G. § 2B1.1. Here, the value of the funds was more than $9,500,000 but less than $25,000,000. Accordingly, the base offense level for the underlying offense is 26.

4. No other specific offense characteristics apply to the underlying offense.

### Offense Level Calculation

5. Pursuant to U.S.S.G. § 2X4.1(a), the base offense level for this offense is 17, because that is less than the total offense level for the underlying offense reduced by 9 levels.

### Acceptance of Responsibility

6. As of the date of this letter, it is expected that Freeman will enter a plea of guilty prior to the commencement of trial, will truthfully admit his involvement in the offense and related conduct, and will not engage in conduct that is inconsistent with such acceptance of responsibility. If all of these events occur, and Freeman's acceptance of responsibility continues through the date of sentencing, a downward adjustment of 2 levels for acceptance of responsibility will be appropriate. <u>See</u> U.S.S.G. § 3E1.1(a) and Application Note 3.

7. As of the date of this letter, it is expected that Freeman will assist authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting this Office to avoid preparing for trial and permitting this Office and the court to allocate their resources efficiently. At sentencing, this Office will move for a further 1-level reduction in Freeman's offense level pursuant to U.S.S.G. § 3E1.1(b) if the following conditions are met: (a) Freeman enters a plea pursuant to this agreement, (b) this Office in its discretion determines that Freeman's acceptance of responsibility has continued through the date of sentencing and Freeman therefore qualifies for a 2-level reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a), and (c) Freeman's offense level under the Guidelines prior to the operation of § 3E1.1(a) is 16 or greater.

8. In accordance with the above, the parties agree that: the total Guidelines offense level applicable to Freeman will be 14 (collectively, the "agreed total Guidelines offense level").

9. The parties agree not to seek or argue for any upward or downward departure, adjustment or variance not set forth herein. The parties further agree that a sentence within the Guidelines range that results from the agreed total Guidelines offense level is reasonable.

10. Freeman knows that he has and, except as noted below in this paragraph, voluntarily waives, the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal under 18 U.S.C. § 3742, a motion under 28 U.S.C. § 2255, or a motion under 18 U.S.C. § 3582(c) or 18 U.S.C. § 3583(e), which challenges or seeks to modify the sentence imposed by the sentencing court if that sentence falls within or below the Guidelines range that results from a total Guidelines offense level of 14, subject to any applicable mandatory minimum. This Office will not file any appeal, motion or writ which challenges the sentence imposed by the sentencing court if that sentence falls within or above the Guidelines range that results from a total Guidelines offense level of 14. The Government reserves the right to appeal any sentence below any applicable mandatory minimum. The parties reserve any right they may have under 18 U.S.C. § 3742 to appeal the sentencing court's determination of the criminal history category. The provisions of this paragraph are binding on the parties even if the Court employs a Guidelines analysis different from that stipulated to herein. Furthermore, if the sentencing court accepts a stipulation, both parties waive the right to file an appeal, collateral attack, writ, or motion claiming that the sentencing court erred in doing so. But nothing in this plea agreement shall preclude Freeman from pursuing, in an appropriate forum and when permitted by law, a collateral attack claiming that his guilty plea or sentence resulted from constitutionally ineffective assistance of counsel.

11. Both parties reserve the right to oppose or move to dismiss any appeal, collateral attack, writ, or motion barred by the preceding paragraph and to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph. Moreover, the preceding paragraph does not apply to:

  a. Any proceeding to revoke the term of supervised release.

  b. A motion for a reduction of the term of imprisonment under 18 U.S.C. § 3582(c)(1)(A).

  c. An appeal from the denial of a motion for a reduction of the term of imprisonment under 18 U.S.C. § 3582(c)(1)(A) on the grounds that the court erred in finding that there were no extraordinary and compelling circumstances warranting a reduced term of imprisonment or that the court failed to consider those circumstances in denying the motion as a discretionary matter under the applicable factors of 18 U.S.C. § 3553(a).